1  GIBSON, DUNN & CRUTCHER LLP
   BRIAN M. LUTZ, SBN 255976
2     blutz@gibsondunn.com
   One Embarcadero Center, Suite 2600
3  San Francisco, CA 94111
   Telephone: 415.393.8200
4
5  JESSICA VALENZUELA, SBN 220934
      jvalenzuela@gibsondunn.com
6  310 University Avenue
   Palo Alto, CA 94301
7  Telephone: 650.849.5300

8  COLIN B. DAVIS, SBN 273942
      cdavis@gibsondunn.com
9  3161 Michelson Drive, Suite 1200
   Irvine, CA 92612
10 Telephone: 949.451.3800

11 *Attorneys for Nominal Defendant Block, Inc.*

12              IN THE UNITED STATES DISTRICT COURT

13           FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                      SAN JOSE DIVISION

15
16
17 IN RE BLOCK INC. SHAREHOLDER          Case No. 5:25-cv-01262-NW
   DERIVATIVE LITIGATION
18                                       (Consolidated)
   This Document Relates to:
19                                       **BLOCK, INC.'S NOTICE OF MOTION
                                         AND MOTION TO DISMISS
20          ALL ACTIONS                  PLAINTIFFS' CONSOLIDATED
                                         SHAREHOLDER DERIVATIVE
21                                       COMPLAINT ON *FORUM NON
                                         CONVENIENS* GROUNDS**
22
                                         **Hearing:**
23                                       Date:    November 12, 2025
                                         Time:    9:00 a.m.
24                                       Place:   Courtroom 3

25                                       Hon. Noël Wise
26
27
28

Gibson, Dunn &
Crutcher LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

**TABLE OF CONTENTS**

Page

I.    STATEMENT OF THE ISSUES TO BE DECIDED ................................................................ 1

II.   PRELIMINARY STATEMENT ......................................................................................... 1

III.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ...................................... 3

IV.   LEGAL STANDARD ..................................................................................................... 4

V.    ARGUMENT ................................................................................................................ 6

      A.    The Court Should Enforce Block's Exclusive Forum Provision And Dismiss
            This Action. .................................................................................................. 6

            1.    The Exclusive Forum Provision Applies To This Case. .................................. 6

            2.    Block's Exclusive Forum Provision Is Facially Valid. .................................... 7

            3.    Plaintiffs Agreed to Be Bound by Block's Forum Selection Clause. .............. 8

            4.    Block's Exclusive Forum Provision Is Enforceable As Applied. .................... 8

VI.   CONCLUSION ............................................................................................................ 13

MOTION TO DISMISS ON *FORUM NON CONVENIENS* GROUNDS
CASE NO. 5:25-CV-01262-NW

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Adema Techs. Inv. v. Wacker Chemie AG*,
2014 WL 3615799 (N.D. Cal. July 22, 2014) ...................................................................5

5

*Argueta v. Banco Mexicano, S.A.*,
6    87 F.3d 320 (9th Cir. 1996) ...............................................................................................9

7

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
571 U.S. 49 (2013) ..............................................................................................4, 5, 12, 13

8

*Boilermakers Loc. 154 Ret. Fund v. Chevron Corp.*,
9    73 A.3d 934 (Del. 2013)............................................................................2, 5, 7, 8, 9

10

*Brophy v. Cities Serv. Co.*,
70 A.2d 5 (Del. Ch. 1949) ...................................................................................................4

11

*Bushansky v. Armacost*,
12    2012 WL 3276937 (N.D. Cal. Aug. 9, 2012) .................................................................9, 12

13

*BuzzFeed, Inc. v. Anderson*,
2022 WL 15627216 (Del. Ch. Oct. 28, 2022) .............................................................5, 8

14

*In re Countrywide Fin. Corp. Deriv. Litig.*,
15    542 F. Supp. 2d 1160 (C.D. Cal. 2008)..............................................................................12

16

*In re CytRx Corp. S'holder Derivative Litig.*,
2015 WL 9871275 (C.D. Cal. Oct. 30, 2015) ............................................................. 8, 12

17

*EpicentRx, Inc. v. Superior Ct. of San Diego Cnty.*,
18    --- P.3d ---- 2025 WL 2027272 (Cal. 2025) .....................................................................12

19

*Eur. & Overseas Commodity Traders, S.A. v. Banque Paribas London*,
940 F. Supp. 528 (S.D.N.Y. 1996), *aff'd*, 147 F.3d 118 (2d Cir. 1998) ..........................11

20

*In re Facebook, Inc. S'holder Derivative Priv. Litig.*,
21    367 F. Supp. 3d 1108 (N.D. Cal. 2019).............................................................2, 4, 5, 6, 7, 9, 12

22

*Fouad on behalf of Digital Soula Sys. v. State of Qatar*,
846 F. App'x 466, 469 (9th Cir. 2021)..................................................................................7

23

*Ingres Corp. v. CA, Inc.*,
24    8 A.3d 1143 (Del. 2010)................................................................................................2, 7

25

*Kidsco Inc. v. Dinsmore*,
674 A.2d 483 (Del. Ch. 1995), *aff'd*, 670 A.2d 1338 (Del. 1995) ..................................8

26

*Lee v. Fisher*,
27    2021 WL 1659842 (N.D. Cal. Apr. 27, 2021), *aff'd*, 70 F.4th 1129 (9th Cir. 2023)............4, 5, 6, 7

28

Gibson, Dunn &
Crutcher LLP

*Lee v. Fisher*,
70 F.4th 1129 (9th Cir. 2023) .............................................................................2, 4, 6, 7, 10, 11

*Malone v. Brincat*,
722 A.2d 5 (Del. 1998) ..................................................................................................................2

*M/S Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1 (1972) ..........................................................................................................................3

*Murphy v. Schneider Nat'l, Inc.*,
362 F.3d 1133 (9th Cir. 2004) ........................................................................................................5

*Richards v. Lloyd's of London*,
135 F.3d 1289 (9th Cir. 1998) .....................................................................................................5, 9

*Salzberg v. Sciabacucchi*,
227 A.3d 102 (Del. 2020) ..............................................................................................................7

*Signature Fin. LLC v. Neighbors Glob. Holdings, LLC*,
281 F. Supp. 3d 438 (S.D.N.Y. 2017) ......................................................................................11, 13

*Sobel v. Thompson*,
2023 WL 4356066 (W.D. Tex. July 5, 2023) ...............................................................................10

*Tornetta v. Musk*,
310 A.3d 430 (Del. Ch. 2024) ......................................................................................................10

*In re Verisign, Inc. Derivative Litig.*,
531 F. Supp. 2d 1173 (N.D. Cal. 2007) .....................................................................................7, 12

*White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*,
407 F. Supp. 3d 931 (S.D. Cal. 2019) .........................................................................................4, 5

*Yei A. Sun v. Advanced China Healthcare, Inc.*,
901 F.3d 1081 (9th Cir. 2018) ............................................................................................8, 9, 10, 11

**Statutes**

8 Del. C. § 115.............................................................................................................................7, 9

**Other Authorities**

Stephen Bainbridge, *The Business Judgment Rule as Abstention Doctrine*, 57 Vand. L.
Rev. 83, 121 (2004)........................................................................................................................9

Gibson, Dunn &
Crutcher LLP

MOTION TO DISMISS ON *FORUM NON CONVENIENS* GROUNDS
CASE NO. 5:25-CV-01262-NW

1  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2         **PLEASE TAKE NOTICE** that on November 12, 2025 at 9:00 a.m., in the United States

3  District Court for the Northern District of California, San Jose Courthouse, Courtroom 3, located at

4  280 South 1st Street, San Jose, CA 95113, Nominal Defendant Block, Inc. ("Block" or the "Company")

5  will, and hereby does, move to dismiss the Consolidated Shareholder Derivative Complaint

6  ("Complaint") on grounds of *forum non conveniens*.

7         This Motion is based on this Notice of Motion, the supporting Memorandum of Points and

8  Authorities, the Declaration of Brian M. Lutz filed concurrently herewith, the accompanying Request

9  for Judicial Notice, the complete files and records in this action, and any additional material and

10  arguments the Court may consider in connection with the hearing on this Motion.

11         Block seeks dismissal of this action on *forum non conveniens* grounds because the exclusive

12  forum provision in Block's governing bylaws designate the Court of Chancery of the State of Delaware

13  as the sole and exclusive forum for shareholder derivative claims, claims for breaches of fiduciary duty,

14  and claims involving the internal affairs of Block—each of which applies here.

15                    **MEMORANDUM OF POINTS AND AUTHORITIES**

16            **I.        STATEMENT OF THE ISSUES TO BE DECIDED**

17         Whether the Court should enforce the exclusive forum provision in Block's Amended and

18  Restated Bylaws (the "Bylaws") and dismiss Plaintiffs' Complaint on *forum non conveniens* grounds.

19            **II.        PRELIMINARY STATEMENT**

20         This action should be dismissed under a straightforward application of the exclusive forum

21  provision in Block's Bylaws.  Section 7.7 of Block's Bylaws designate the Delaware Court of Chancery

22  as the "sole and exclusive forum" for: (1) "any derivative action or proceeding brought on behalf of the

23  Corporation," (2) "any action asserting a claim of breach of a fiduciary duty owed by any director,

24  stockholder, officer or other employee of the Corporation to the Corporation," and (3) any action

25  asserting a claim "governed by the internal affairs doctrine."  Ex. 1 at 16.[1]  This case indisputably is a

26  *shareholder derivative action* in which Plaintiffs assert on behalf of Block claims against Block's

27

28
_____
[1] Citations to "Ex." refer to the exhibits to the Declaration of Brian M. Lutz, filed concurrently herewith.
All page citations refer to ECF pages.

Gibson, Dunn &
Crutcher LLP

directors and officers for *breach of fiduciary duty* that squarely implicate the *internal affairs* of Block. Thus, there can be no serious dispute that this case was filed in the wrong forum.

Exclusive forum provisions like Block's are "presumptively valid," *Ingres Corp. v. CA, Inc.*, 8 A.3d 1143, 1146 (Del. 2010), and "enforceable under Delaware law to the same extent as other contractual forum selection clauses." *Boilermakers Loc. 154 Ret. Fund v. Chevron Corp.*, 73 A.3d 934, 940 (Del. 2013). The Ninth Circuit and district courts in this Circuit have enforced similar exclusive forum bylaws requiring derivative lawsuits to proceed in Delaware. *See Lee v. Fisher*, 70 F.4th 1129 (9th Cir. 2023) (en banc) (enforcing Gap's Delaware exclusive forum bylaw and affirming dismissal of derivative case on *forum non conveniens* grounds); *In re Facebook, Inc. S'holder Derivative Priv. Litig.*, 367 F. Supp. 3d 1108, 1120-22 (N.D. Cal. 2019) (same for Facebook). This Court should enforce Block's valid, binding, and enforceable Delaware exclusive forum provision.

The Court should dismiss this derivative case in full, including the federal securities claims that Plaintiffs purport to bring derivatively. To be sure, the Chancery Court of the State of Delaware does not have jurisdiction over federal securities claims, but that makes no difference. As the Ninth Circuit recognized in precisely this context, if Block shareholders wish to bring these claims, they can be brought as direct claims. *See Lee*, 70 F.4th at 1140 (holding that plaintiff "can bring her action against Gap under § 14(a) and Rule 14a-9 as a direct action" in federal court). Indeed, the plaintiffs in the *Gonsalves* putative class action before this Court are litigating *direct* federal securities law claims relating to the same core allegations as this case. *Gonsalves v. Block, Inc.*, Case No. 5:25-cv-00642-NW (N.D. Cal.). And if Plaintiffs wish to re-file their derivative action in Delaware, they can seek the same remedies for the same alleged disclosure violations under Delaware common law as those at issue in their derivative securities law claims. *See Lee*, 70 F.4th at 1139 n.5; *Malone v. Brincat*, 722 A.2d 5, 11 (Del. 1998) (directors have a fiduciary duty to accurately disclose information about the business when making public statements to the market).

This overlap also is why the exclusive forum provision's carveout for Exchange Act claims does not preclude dismissing this case in full. Those claims can be brought as direct—not derivative—shareholder claims in federal court (as other plaintiffs have), or as claims under Delaware law with no prejudice to Plaintiffs given the availability of the same remedies. Plaintiffs, in other words, should

1  not be permitted to evade Block's valid, binding exclusive forum bylaw by tacking on "derivative"

2  federal securities law claims to a traditional breach of fiduciary duty lawsuit that is required to proceed

3  in Delaware.  To allow otherwise would undermine the "vital certainty" that forum selection clauses

4  are meant to serve in the first place.  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972).

5  Thus, the Court should dismiss the entire case—including the derivative securities law claims—

6  on *forum non conveniens* grounds, and barring that, the derivative securities law claims should be

7  dismissed pursuant to the concurrently filed Rule 23.1 and 12(b)(6) motion.

8  **III.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

9  Block provides financial products and services to help sellers start, run, and grow their business,

10  and help individuals send, receive, and manage their money.  *See* Compl.[2] ¶ 2; Ex. 9 (2022 Form 10-

11  K) at 3.  The Company was incorporated in Delaware in June 2009.  Ex. 3 at 2.  Like many companies,

12  Block's Bylaws contain a provision requiring that certain types of lawsuits be brought in its state of

13  incorporation:

14  > SECTION 7.7. <u>Exclusive Forum</u>. Unless the Corporation consents in writing to the selection of an alternative forum, the sole and exclusive forum for (A) any derivative action or proceeding brought on behalf of the Corporation, (B) any action asserting a claim of breach of a fiduciary duty owed by any director, stockholder, officer or other employee of the Corporation to the Corporation or the Corporation's stockholders, . . . or (D) any action asserting a claim against the Corporation or any director, stockholder, officer or other employee of the Corporation governed by the internal affairs doctrine shall, to the fullest extent permitted by law, be the Court of Chancery of the State of Delaware . . . .
> . . .
> For the avoidance of doubt, nothing contained in this Section 7.7 shall apply to any action brought to enforce a duty or liability created by the Exchange Act or any successor thereto.

21  Ex. 1 at 16-17.

22  This provision has been included in Block's Bylaws in substantially the same form since

23  Block's initial public offering in November 2015, with the carveout for Exchange Act claims added in

24  2021.[3]  Block also has disclosed in every Form 10-K that it has ever filed with the SEC that its Bylaws

---

[2] On June 11, this Court designated the complaint in *Kelly v. Dorsey et al.*, Case No. 4:25-cv-03615 (N.D. Cal. Apr. 24, 2025), Dkt. 1, as the operative Complaint ("Compl.") in this action.  *See* Dkt. 50 at 3-4.

[3] *See* Ex. 1 at 16-17 (Amended and Restated Bylaws effective October 20, 2022); Ex. 2 at 16 (Amended and Restated Bylaws effective April 20, 2022); Ex. 4 at 16 (Second Amended and Restated Bylaws

3

Gibson, Dunn & Crutcher LLP

1  designate the Delaware Chancery Court as the "***exclusive forum for substantially all disputes between***

2  ***us and our shareholders***."[4]  By "purchasing, holding, or otherwise acquiring" Block stock, Plaintiffs

3  had "notice of and consented to" the exclusive forum provision.  Ex. 1 at 17.  Thus, any stockholder

4  purchasing Block stock after its initial public offering (including Plaintiffs here), had notice of, and

5  implicitly consented to, the forum selection clause.

6         Beginning in February 2025, five purported shareholders of Block filed similar shareholder

7  derivative lawsuits in the Northern District of California alleging that certain Block officers and

8  directors breached their fiduciary duties by failing to ensure the Company had implemented sufficient

9  anti-money laundering ("AML") and know-your-customer ("KYC") controls to prevent fraud and other

10  illegal activity on the Cash App platform.

11         On May 7, 2025, this Court consolidated the separate derivative cases into a single action.  Dkt.

12  22.  The operative Complaint purports to bring derivative claims on behalf of Block against members

13  of Block's Board of Directors and certain Block officers for: (i) breach of fiduciary duty against Block's

14  directors; (ii) breach of fiduciary duty against certain Block officers; (iii) breach of fiduciary duty for

15  insider trading under *Brophy v. Cities Serv. Co.*, 70 A.2d 5 (Del. Ch. 1949); (iv) violation of Section

16  14(a) of the Securities Exchange Act of 1934 ("Exchange Act"); (v) violation of Section 10(b) of the

17  Exchange Act; and (vi) violation of Section 29(b) of the Exchange Act.

18                          **IV.    LEGAL STANDARD**

19         "A forum selection clause is appropriately enforced through the doctrine of *forum non*

20  *conveniens*."  *Facebook*, 367 F. Supp. 3d at 1119 (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct.*

21  *for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013)).  Under this doctrine, a court considers "whether the lawsuit

22  falls within the scope of the forum-selection clause," and "whether the clause is valid and enforceable."

23  *Lee v. Fisher*, 2021 WL 1659842, at *2 (N.D. Cal. Apr. 27, 2021), *aff'd*, 70 F. 4th 1129 (9th Cir. 2023);

24

25  effective December 10, 2021); Ex. 5 at 17 (Amended and Restated Bylaws effective November 2,
    2017); Ex. 6 at 17 (Restated Bylaws effective November 24, 2015).

26

27  [4] *See* Ex. 7 (2024 Form 10-K) at 3; Ex. 8 (2023 Form 10-K) at 3; Ex. 9 (2022 Form 10-K) at 4; Ex. 10
    (2021 Form 10-K) at 3; Ex. 11 (2020 Form 10-K) at 3; Ex. 12 (2019 Form 10-K) at 3; Ex. 13 (2018
    Form 10-K) at 3; Ex. 14 (2017 Form 10-K) at 3; Ex. 15 (2016 Form 10-K) at 3; Ex. 16 (2015 Form 10-
28  K) at 3.

1  *see also White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*, 407 F. Supp. 3d 931, 943 (S.D.

2  Cal. 2019).

3      Where the parties have agreed to a valid forum selection clause, the party seeking to avoid the

4  clause "bears a heavy burden of proof and must clearly show that enforcement would be unreasonable

5  and unjust." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (internal quotations

6  and citation omitted).  Enforcement is unreasonable and unjust only where: (1) the clause "was the

7  product of fraud or overreaching"; (2) the party seeking to avoid the clause would "effectively be

8  deprived of his day in court were the clause enforced"; or (3) "enforcement would contravene a strong

9  public policy of the forum in which suit is brought." *Richards v. Lloyd's of London*, 135 F.3d 1289,

10  1294 (9th Cir. 1998).

11      A forum selection clause included in a corporation's bylaws is treated the same as a contractual

12  forum selection clause because, when "an investor buys stock in a Delaware corporation," the

13  shareholder "contractually assent[s] to be bound by [the corporation's] bylaws." *Boilermakers*, 73 A.3d

14  at 958.  Under Delaware law, a corporation's bylaws—including bylaws designating an exclusive

15  forum for litigating certain shareholder claims—are deemed to be a contract between the corporation

16  and its shareholders. *BuzzFeed, Inc. v. Anderson*, 2022 WL 15627216, at *16 (Del. Ch. Oct. 28, 2022)

17  (under Delaware law, "bylaws are treated as contracts among the stockholders, and [the] forum-

18  selection clauses they contain operate as stockholder consents to jurisdiction in the chosen forum").

19      In the typical *forum non conveniens* analysis, courts balance the parties' private interests against

20  the public interest to determine whether dismissal in favor of an alternate forum is appropriate.  *Atl.*

21  *Marine*, 571 U.S. at 62-63.  But where, as here, the parties have agreed to an exclusive forum for their

22  disputes, courts "must deem the private-interest factors to weigh entirely in favor of the preselected

23  forum"—regardless of whether the forum selection clause is in a private contract or in a corporation's

24  governing documents. *Id.* at 64; *Lee*, 2021 WL 1659842, at *3; *Facebook*, 367 F. Supp. 3d at 1119;

25  *Adema Techs. Inv. v. Wacker Chemie AG*, 2014 WL 3615799, at *2 (N.D. Cal. July 22, 2014) ("[W]hen

26  parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as

27  inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."),

28  *aff'd*, 657 F. App'x 661 (9th Cir. 2016).  Under these circumstances, the court may consider "public-

Gibson, Dunn &
Crutcher LLP

1  interest factors *only*"—including local interest in the lawsuit, the court's familiarity with the governing

2  law, and administrative difficulties from court congestion.  *Atl. Marine*, 571 U.S. at 64; *id.* at 62 n.6

3  (emphasis added).  "Because those factors will rarely defeat a transfer motion, the practical result is

4  that forum-selection clauses should control except in unusual cases." *Id.*

5                                  **V.      ARGUMENT**

6  **A.      The Court Should Enforce Block's Exclusive Forum Provision And Dismiss This Action.**

7          Block's forum selection clause is valid, enforceable, and requires dismissal of this case.

8  Plaintiffs cannot meet their heavy burden to show that exceptional circumstances exist to disregard the

9  exclusive forum provision in Block's Bylaws, and there are no public interest factors—which "rarely

10  defeat" a *forum non conveniens* motion in any event—that counsel a different result.  The Court should

11  enforce the forum selection clause and dismiss Plaintiffs' derivative claims.  This dismissal should

12  include Plaintiffs' Exchange Act claims, which have been or can be brought as direct claims and/or

13  remedied through state law claims brought in Delaware.  *See Lee*, 2021 WL 1659842, at *4; *Lee*, 70

14  F.4th at 1139 n.5.

15          **1.      The Exclusive Forum Provision Applies To This Case.**

16          Block's forum selection provision is a mandatory, binding provision that requires any derivative

17  action brought on behalf of the corporation, or any action alleging breaches of fiduciary duties or

18  involving the Company's "internal affairs," to be brought in the Delaware Court of Chancery.[5]

19  Specifically, the provision provides that:

20          Unless the Corporation consents in writing to the selection of an alternative forum,
21          the sole and exclusive forum for (A) any derivative action or proceeding brought
            on behalf of the Corporation, (B) any action asserting a claim of breach of a
22          fiduciary duty owed by any director, stockholder, officer or other employee of the
            Corporation to the Corporation or the Corporation's stockholders, . . . or (D) any
23          action asserting a claim against the Corporation or any director, stockholder,
            officer or other employee of the Corporation governed by the internal affairs
24          doctrine shall, to the fullest extent permitted by law, be the Court of Chancery of
            the State of Delaware . . . .
25

26

27  [5] A company's certificate of incorporation and bylaws are subject to judicial notice.  *Facebook*, 367 F.
    Supp. 3d at 1118; *Lee*, 2021 WL 1659842, at *1 (taking judicial notice of "Gap's Amended and
28  Restated Bylaws" in shareholder derivative suit).

Gibson, Dunn &
Crutcher LLP

6

This action falls squarely into each of these categories. First, this is a shareholder derivative action in which Plaintiffs purport to bring claims derivatively on behalf of Block. Compl. ¶ 1 ("This is a shareholder derivative action brought on behalf of and for the benefit of Block against certain of its officers and/or directors named as defendants herein . . ."). Second, Plaintiffs assert claims against certain of Block's directors and officers for alleged breaches of their fiduciary duties. *Id.* ¶¶ 357-376. And third, Plaintiffs' claims implicate the "internal affairs" doctrine, under which the law of the state of incorporation (here, Delaware) "governs [the] liabilities of officers or directors to the corporation and its shareholders." *In re Verisign, Inc. Derivative Litig.*, 531 F. Supp. 2d 1173, 1214 (N.D. Cal. 2007); *id.* at 1215 ("claims for breach of fiduciary duty" fall under the internal affairs doctrine). Accordingly, this action falls squarely within Block's exclusive forum provision.

### 2.      Block's Exclusive Forum Provision Is Facially Valid.

Block's exclusive forum provision is prima facie valid. *Fouad on behalf of Digital Soula Sys. v. State of Qatar*, 846 F. App'x 466, 469 (9th Cir. 2021) ("Forum selection clauses are considered *prima facie* valid."); *Lee*, 2021 WL 1659842, at \*5 n.4 ("[F]orum-selection clauses governing shareholder claims are valid and enforceable under Delaware's General Corporation Law."). Delaware law expressly permits Delaware-incorporated corporations to adopt exclusive forum bylaws. Specifically, Section 115 of the Delaware General Corporation Law ("DGCL") provides that a Delaware company's "bylaws may require, consistent with applicable jurisdictional requirements, that any or all internal corporate claims shall be brought solely and exclusively in any or all of the courts in this State …" 8 Del. C. § 115. The statute defines "internal corporate claims" to include claims "that are based upon a violation of a duty by a current or former director or officer." *Id.*; *Salzberg v. Sciabacucchi*, 227 A.3d 102, 119 n.74 (Del. 2020) (noting that Section 115 covers "claims of breach of fiduciary duty"). Thus, Block's forum selection clause is "presumptively valid," *Ingres Corp.*, 8 A.3d at 1146, and "enforceable . . . to the same extent as other contractual forum selection clauses." *Boilermakers*, 73 A.3d at 940.

The Ninth Circuit and federal courts in this district have consistently enforced Delaware exclusive forum provisions in shareholder derivative actions. *Lee*, 70 F.4th at 1140-41, 1159 (enforcing Delaware forum selection clause against breach of fiduciary and Exchange Act claims brought derivatively against Gap's directors); *Lee*, 2021 WL 1659842, at \*2, \*6; *Facebook*, 367 F. Supp. 3d at

Gibson, Dunn &
Crutcher LLP

1118-22 (enforcing Delaware exclusive forum provision against breach of fiduciary duty claims brought derivatively against Facebook's directors and officers); *see also In re CytRx Corp. S'holder Derivative Litig.*, 2015 WL 9871275, at *3-*4 (C.D. Cal. Oct. 30, 2015) (rejecting shareholders' argument that a forum selection clause was not prima facie valid and noting that "a forum-selection bylaw unilaterally adopted by a Delaware corporation's board of directors is facially valid under Delaware contract and corporate law").

### 3.    Plaintiffs Agreed to Be Bound by Block's Forum Selection Clause.

Block's Bylaws expressly state that any person who purchases Block stock "shall be deemed to have notice of and consented to the [exclusive forum provision]." Ex. 1 at 17. That is simply a restatement of a foundational principle of Delaware corporate law: that "stockholders contractually assent to be bound by bylaws that are valid under the DGCL—that is an essential part of the contract agreed to when an investor buys stock in a Delaware corporation." *Boilermakers*, 73 A.3d at 958; *see also Kidsco Inc. v. Dinsmore*, 674 A.2d 483, 492 (Del. Ch. 1995) (the bylaws of a Delaware corporation "are a contract between the corporation and its stockholders"), *aff'd*, 670 A.2d 1338 (Del. 1995). Block also has made clear in all of its publicly filed SEC Form 10-Ks that its bylaws designate the Delaware Court of Chancery as the "***exclusive forum for substantially all disputes between us and our stockholders***." *See supra* n.4. Accordingly, Plaintiffs, as purported Block shareholders, are contractually bound by, and had notice of, Block's Delaware exclusive forum provision. *See In re CytRx*, 2015 WL 9871275, at *4 (shareholders "manifested their consent" to a forum-selection bylaw by "buying shares" in Delaware corporation); *Boilermakers*, 73 A.3d at 955 (under Delaware law, "the bylaws constitute a binding part of the contract between a Delaware corporation and its stockholders"); *BuzzFeed*, 2022 WL 15627216, at *16 (under Delaware law, "bylaws are treated as contracts among the stockholders, and [the] forum-selection clauses they contain operate as stockholder consents to jurisdiction in the chosen forum").

### 4.    Block's Exclusive Forum Provision Is Enforceable As Applied.

A party seeking to avoid enforcement of a facially valid forum selection clause must demonstrate "exceptional circumstances" that overcome the presumption in favor of enforcement. *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1084 (9th Cir. 2018). "Exceptional

Gibson, Dunn & Crutcher LLP

1    circumstances" will render enforcement of a forum selection clause unreasonable if (1) the clause "was

2    the product of fraud or overreaching"; (2) the nonmovant would "effectively be deprived of his day in

3    court were the clause enforced"; or (3) "enforcement would contravene a strong public policy of the

4    forum in which suit is brought." *Richards*, 135 F.3d at 1294; *Sun*, 901 F.3d at 1088.  A plaintiff may

5    also attempt to show "extraordinary circumstances" based on the relevant public interest factors—

6    factors that "rarely defeat" a motion to dismiss for *forum non conveniens*.  *Sun*, 901 F.3d at 1088.  No

7    "exceptional" or "extraordinary" circumstances exist here that satisfy Plaintiffs' "heavy burden" to

8    show that the clause should not be enforced.  *Id.* at 1093.

9         a.    **Plaintiffs Cannot Show That The Provision Was The Product Of Fraud Or Overreach.**

10   Plaintiffs have not alleged, nor can they show, any "fraud or overreaching" in Block's adoption

11   of the exclusive forum provision.  *Richards*, 135 F.3d at 1294.  Block had the authority to adopt a

12   mandatory and exclusive forum provision in its Bylaws, which are expressly permitted under

13   established Delaware law.  8 Del. C. § 115; *Boilermakers*, 73 A.3d at 950-58.  There can be no serious

14   argument that the exclusive forum provision in Block's Bylaws "was the product of fraud or coercion."

15   *Facebook*, 367 F. Supp. 3d at 1121.

16        b.    **Plaintiffs Cannot Show That They Will Be Deprived Of Their Day In Court.**

17

18   Plaintiffs also cannot meet their burden of showing that litigating in the Delaware Court of

19   Chancery will be "so gravely difficult and inconvenient" that "for all practical purposes," Plaintiffs will

20   be "deprived [of their] day in court." *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir.

21   1996).  For one thing, Delaware law governs Plaintiffs' breach of fiduciary duty claims, so litigating

22   those claims in Delaware—the so-called "center of the corporate law universe"—*promotes* fairness,

23   rather than undermines it.  Stephen Bainbridge, *The Business Judgment Rule as Abstention Doctrine*,

24   57 Vand. L. Rev. 83, 121 (2004); *see also Bushansky v. Armacost*, 2012 WL 3276937, at *4 (N.D. Cal.

25   Aug. 9, 2012) ("[J]udges in Delaware are more familiar with Delaware state law than judges in

26   California.").

27        Logistical and practical considerations also do not favor California over Delaware.  No Plaintiff

28   is alleged to reside in California, and most appear to reside closer to Delaware.  *See Kelly v. Dorsey et*

Gibson, Dunn &
Crutcher LLP

9

1    *al.*, Case No. 3:25-cv-03615 (N.D. Cal.), Dkt. 5 (Plaintiff Kelly listed as resident of New York); *Patel*

2    *v. Dorsey et al.*, Case No. 5:25-cv-01262-NW (N.D. Cal.), Dkt. 1-1 (Plaintiff Patel listed as resident of

3    Georgia); *Wallace v. Dorsey et al.*, Case No. 5:25-cv-02202 (N.D. Cal.), Dkt. 1-2 (Plaintiff Wallace

4    listed as resident of New York); *Li v. Dorsey et al.*, Case No. 3:25-cv-03425-MMC (N.D. Cal.), Dkt.

5    1-1 (Plaintiff Li listed as resident of Canada).  The same is true of Plaintiffs' co-lead counsel, who

6    reside in Boston and New York.  Dkt. 50.

7            Nor would Plaintiffs be "deprived" of their day in court if this case were dismissed in full.  *See*

8    *Sun*, 901 F.3d at 1091-92 ("[C]ourts must enforce a forum-selection clause unless the contractually

9    selected forum affords the plaintiffs *no remedies whatsoever*.") (emphasis added).  As the Ninth Circuit

10   noted when enforcing a Delaware exclusive forum provision in Gap's bylaws and dismissing all

11   derivative claims, including derivative Exchange Act claims, Plaintiffs' Exchange Act claims here can

12   be brought as *direct* shareholder claims (as opposed to derivative claims purportedly brought by

13   shareholders on the corporation's behalf).  *Lee*, 70 F.4th at 1139.  Indeed, different plaintiffs are

14   currently litigating a direct Section 10(b) claim *in this Court* relating to the same core allegations at

15   issue in this case.  Plaintiffs also can pursue the same remedies for those claims under Delaware law.

16   *See Lee*, 70 F.4th at 1139 n.5 ("It is a well-recognized proposition that directors of Delaware

17   corporations are under a fiduciary duty to disclose fully and fairly all material information within the

18   board's control when it seeks shareholder action, and this duty of full disclosure applies in assessing

19   the adequacy of proxy materials.") (cleaned up).  As one court described the overlap between Delaware

20   law and Exchange Act claims under Sections 10(b) and 14(a), "Delaware law recognizes derivative

21   state-law claims with available remedies that are commensurate to those available under [these] federal

22   derivative claims." *Sobel v. Thompson*, 2023 WL 4356066, at *5 (W.D. Tex. July 5, 2023) (enforcing

23   forum selection clause and dismissing derivative Section 10(b) and Section 14(a) claims given "the

24   similar remedies available in Delaware").  The same is true with respect to Plaintiffs' claim under

25   Section 29(b) of the Exchange Act for "rescission" of contracts as a remedy for Defendants' alleged

26   violations of Sections 10(b) and 14(a)—under Delaware law, rescission is an available remedy for

27   breach of fiduciary duty, including breach of the duty of disclosure.  *See Tornetta v. Musk*, 310 A.3d

28   430, 546-47 (Del. Ch. 2024).  Therefore, just as the Ninth Circuit recognized in *Lee*, Plaintiffs here can

Gibson, Dunn &
Crutcher LLP

1    enforce the "substantive obligations" imposed by the Exchange Act by asserting analogous claims

2    under Delaware law. *Lee*, 70 F.4th at 1139 n.5.

3        These same reasons counsel in favor of dismissing this case in full notwithstanding the

4    exclusive forum provision's carveout of Exchange Act claims.  The carveout does not preclude the

5    Court from dismissing those claims because those claims can be brought directly or remedied under

6    Delaware law.[6]  There can be little doubt that Plaintiffs' assertion of atypical (and legally tenuous)

7    derivative federal securities claims reflects an effort to evade Block's binding exclusive forum

8    provision.  Allowing these claims to proceed, while dismissing the remaining claims, would encourage

9    plaintiffs to engage in artful pleading to avoid binding exclusive forum provisions—and ultimately

10   result in wasteful, duplicative, multi-jurisdictional litigation that is not in the best interest of any litigant,

11   and especially companies whose interests shareholder derivative plaintiffs are duty-bound to protect.

12   *See Signature Fin. LLC v. Neighbors Glob. Holdings, LLC*, 281 F. Supp. 3d 438, 447 (S.D.N.Y. 2017)

13   (exclusive forum provisions "provide certainty and predictability in the resolution of disputes."); *Eur.*

14   *& Overseas Commodity Traders, S.A. v. Banque Paribas London*, 940 F. Supp. 528, 539 (S.D.N.Y.

15   1996) ("[I]t defies reason to suggest that a plaintiff may circumvent forum selection . . . clauses merely

16   by stating claims under laws not recognized by the forum selected in the agreement."), *aff'd*, 147 F.3d

17   118 (2d Cir. 1998).  Accordingly, the case should be dismissed in full on *forum non conveniens*

18   grounds.[7]

19

20   ――――――――――――――

21   [6] The Ninth Circuit explained in *Lee* that recent Supreme Court jurisprudence "casts grave doubt on
     whether a shareholder can bring a derivative § 14(a) action on behalf of a corporation." 70 F.4th 1129,
     1146, 1149.  Under that evolving jurisprudence, the Supreme Court "now looks to state law rather than
22   federal common law to fill in gaps relating to federal securities claims, and under Delaware law, a
     § 14(a) action is direct, not derivative." *Id.* at 1149.  In addition, the Supreme Court views "implied
23   private rights of action"—such as those under Section 14(a)—"with disapproval, construing them
     narrowly, and casting doubt on the viability of a corporation's standing to bring a § 14(a) action." *Id.*
24   Thus, the Court should dismiss Plaintiffs' "derivative" Section 14(a) claim on grounds that there is no
     clear congressional intent to provide shareholders with that cause of action, and because Delaware law,
25   in fact, precludes derivative Section 14(a) claims where the claim is that "a duty of disclosure violation
     impaired the stockholders' right to cast an informed vote." *Id.* at 1147.
26

27   [7] All of Plaintiffs' claims, including the derivative Exchange Act claims, also are subject to dismissal
     under Federal Rules of Civil Procedure 12(b)(6) and 23.1 on the grounds set forth in Defendants'
28   concurrently filed motions to dismiss.

Gibson, Dunn &
Crutcher LLP

1

2

### c.    Plaintiffs Cannot Show That The Exclusive Forum Provision Contravenes Public Policy.

Finally, Plaintiffs cannot show that enforcing the exclusive forum provision would "contravene a strong public policy" of California. *Sun*, 901 F.3d at 1088. No California public policy prohibits dismissal of this case pursuant to a facially valid forum selection clause. *See EpicentRx, Inc. v. Superior Ct. of San Diego Cnty.*, --- P.3d ---- 2025 WL 2027272, at *1 (Cal. 2025) ("Forum selection clauses serve vital commercial purposes and should generally be enforced."). In fact, courts in California recognize the "internal affairs doctrine," under which "the law of the state of incorporation governs [the] liabilities of officers or directors to the corporation and its shareholders." *In re Verisign*, 531 F. Supp. 2d at 1214. Block is incorporated in Delaware and Plaintiffs' breach of fiduciary claims are governed by Delaware law. Therefore, dismissing this lawsuit in deference to a forum selection provision directing this case to Delaware—the court of the state whose substantive law governs this dispute—is *consistent with* California courts' recognition that the law of the state of incorporation should control shareholder actions. It also properly recognizes the Delaware Court of Chancery's "well-recognized expertise in the field of state corporation law" and its status as "a particularly suitable forum to adjudicate those disputes." *In re Countrywide Fin. Corp. Deriv. Litig.*, 542 F. Supp. 2d 1160, 1173 (C.D. Cal. 2008); *Facebook*, 367 F. Supp. 3d at 1120-21.

Because Block's forum selection clause designates Delaware as the exclusive forum for this litigation, and because "judges in Delaware are more familiar with Delaware state law than judges in California," *Bushansky*, 2012 WL 3276937, at *4, Plaintiffs cannot show any "strong public policy" of California that would "compel" the Court to conclude the exclusive forum provision is unenforceable. *In re CytRx Corp.*, 2015 WL 9871275, at *5 (forum selection bylaw did not contravene a "strong public policy" where Plaintiffs' derivative claims were governed by Delaware law and Plaintiffs did not identify "any California-specific public policy that supports keeping the action here").

### d.    The Public Interest Factors Favor Enforcement.

The public interest does not "overwhelmingly disfavor a transfer." *Atl. Marine*, 571 U.S. at 67. As explained, there is no compelling California interest in this controversy, and the Delaware Court of Chancery is better equipped to interpret Delaware law governing a dispute purportedly brought on

behalf of a Delaware corporation, by shareholders alleging Delaware law claims, against directors and officers of a Delaware company.  And there is no reason to conclude that the Delaware Court of Chancery—the leading business court in the nation—would face significant administrative difficulties in adjudicating this case.  Furthermore, as explained above, not enforcing the forum selection clause as to all of the derivative claims brought in this case would give shareholder plaintiffs license to avoid valid and binding exclusive forum bylaws by tacking nonsensical ancillary claims onto breach of fiduciary duty lawsuits, which would undermine the "certainty and predictability" that forum selection clauses are meant to provide in the first place.  *See Signature Financial*, 281 F. Supp. 3d at 447 ("[F]orum selection clauses are enforced because they provide certainty and predictability in the resolution of disputes.").  Far from presenting the "exceptional" and "rare[]" case to justify disregarding the forum selection clause, the public interest factors *favor* enforcement of the exclusive forum provision and dismissal of this case.  *Atl. Marine*, 571 U.S. at 63-64.

## VI.    CONCLUSION

For the foregoing reasons, the Complaint should be dismissed in its entirety on *forum non conveniens* grounds.

DATED: July 28, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Brian M. Lutz*
     Brian M. Lutz

Attorneys for Nominal Defendant Block, Inc.

MOTION TO DISMISS ON *FORUM NON CONVENIENS* GROUNDS
CASE NO. 5:25-CV-01262-NW

Gibson, Dunn & Crutcher LLP