GIBSON, DUNN & CRUTCHER LLP
BRIAN M. LUTZ, SBN 255976
   blutz@gibsondunn.com
One Embarcadero Center
Suite 2600
San Francisco, California 94111-3715
Telephone: 415.393.8200

JESSICA VALENZUELA, SBN 220934
   jvalenzuela@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5300

COLIN B. DAVIS, SBN 273942
   cdavis@gibsondunn.com
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
Telephone: 949.451.3800

*Attorneys for Nominal Defendant Block, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE BLOCK INC. SHAREHOLDER DERIVATIVE LITIGATION <br><br> This Document Relates to: <br><br> ALL ACTIONS | Case No. 5:25-cv-01262-NW <br><br> (Consolidated) <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF BLOCK, INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED SHAREHOLDER DERIVATIVE COMPLAINT ON *FORUM NON CONVENIENS* GROUNDS** <br><br> **Hearing:** <br> Date:   November 12, 2025 <br> Time:   9:00 a.m. <br> Place:   Courtroom 3 <br><br> Hon. Noël Wise |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Evid. 201(b), Nominal Defendant Block, Inc. ("Block" or the "Company"), through its undersigned counsel, respectfully requests the Court take judicial notice of Exhibits 1 through 16 attached to the accompanying Declaration of Brian M. Lutz (the "Lutz Declaration") in support of Block's Motion to Dismiss Plaintiffs' Consolidated Shareholder Derivative Complaint on *Forum Non Conveniens* Grounds, filed concurrently herewith.

## I. DISCUSSION

Courts may take judicial notice of matters that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). "Courts routinely consider a company's certificate of incorporation and bylaws in assessing a motion to dismiss a derivative suit." *In re Facebook, Inc. S'holder Derivative Priv. Litig.*, 367 F. Supp. 3d 1108, 1118 (N.D. Cal. 2019); *Foss on behalf of Quality Sys. Inc. v. Barbarosh*, 2018 WL 5276292, at *4 n.8 (C.D. Cal. July 25, 2018) (citing cases). Additionally, "[p]ublic records, such as SEC filings, are properly the subject of judicial notice, and routinely considered in deciding a motion to dismiss in a securities case." *See In re Extreme Networks, Inc. S'holder Derivative Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008).

**A.      The Court Should Take Judicial Notice of Block's Form 8-Ks (Exs. 1-6)**

Block requests that the Court take judicial notice of Exhibits 1 through 6 to the Lutz Declaration, which consists of the Company's Amended and Restated Bylaws as well as the Company's Certificate of Amendment to the Amended and Restated Certificate of Incorporation, all of which were filed as exhibits to the Company's Form 8-Ks. The Court should take judicial notice of these documents because courts "routinely consider a company's certificate of incorporation and bylaws in assessing a motion to dismiss a derivative suit." *Foss*, 2018 WL 5276292, at *4 n.8; *In re Yahoo! Inc. S'holder Derivative Litig.*, 153 F. Supp. 3d 1107, 1117 (N.D. Cal. 2015) (collecting cases that take judicial notice of certificates of incorporation); *Shankar v. Zymergen Inc.*, 2022 WL 17259057, at *1 (N.D. Cal. Nov. 29, 2022) (taking judicial notice of Zymergen's bylaws); *Facebook*, 367 F. Supp. 3d at 1118 (taking

judicial notice of Facebook's Restated Certificate of Incorporation); *Lee v. Fisher*, 2021 WL 1659842, at *1 (N.D. Cal. Apr. 27, 2021) (taking judicial notice of "Gap's Amended and Restated Bylaws").  The Amended Certificate of Incorporation was also filed with the Delaware Secretary of State, providing an independent reason to take judicial of notice of that document.  *See Sciannella v. AstraZeneca UK Ltd.*, 2024 WL 3327765, at *14 (Del. Ch. July 8, 2024) ("The court can take judicial notice of filings with the Delaware Secretary of State on a motion to dismiss").  Moreover, all of these documents are filings with the SEC, which are matters of public record and not subject to reasonable dispute.  *See Bao v. Solarcity Corp.*, 2016 WL 4192177, at *4 n.2 (N.D. Cal. Aug. 9, 2016) ("SEC filings . . . are appropriate for judicial notice because they are matters of public record not subject to reasonable dispute."); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (on motion to dismiss, courts may consider "any matter subject to judicial notice, such as SEC filings"); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) ("SEC filings are routinely subject to judicial notice").  Accordingly, the Court should take judicial notice of these documents.

**B.      The Court Should Take Judicial Notice of Block's Form 10-Ks (Exs. 7-16)**

Block also requests that the Court take judicial notice of Exhibits 7 through 16 to the Lutz Declaration, which consists of excerpts of Block's SEC Form 10-K filings in which Block explains that its bylaws contain a forum selection clause designating the Delaware Court of Chancery as the exclusive forum for substantially all disputes between the Company and its shareholders.  *See* Fed. R. Evid. 201(b).  These "SEC filings . . . are appropriate for judicial notice because they are matters of public record not subject to reasonable dispute."  *See Bao*, 2016 WL 4192177, at *4 n.2.  Accordingly, the Court should take judicial notice of these documents.

## II.  CONCLUSION

For the foregoing reasons, Block respectfully requests that the Court take judicial notice of Exhibits 1 through 16 to the Lutz Declaration.

Dated: July 28, 2025                                    Respectfully submitted,

                                                                  GIBSON, DUNN & CRUTCHER LLP

                                                                  By:  */s/ Brian M. Lutz*

                                                                  Brian M. Lutz, SBN 255976

2

blutz@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:  415.393.8200

*Attorneys for Nominal Defendant Block, Inc.*

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS ON *FORUM NON CONVENIENS* GROUNDS
CASE NO. 5:25-CV-01262-NW