GIBSON, DUNN & CRUTCHER LLP
BRIAN M. LUTZ, SBN 255976
  blutz@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200

JESSICA VALENZUELA, SBN 220934
  jvalenzuela@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5300

COLIN B. DAVIS, SBN 273942
  cdavis@gibsondunn.com
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
Telephone: 949.451.3800

*Attorneys for Nominal Defendant Block Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE BLOCK INC. SHAREHOLDER DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 5:25-cv-01262-NW<br><br>(Consolidated)<br><br>**BLOCK INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED SHAREHOLDER DERIVATIVE COMPLAINT ON *FORUM NON CONVENIENS* GROUNDS**<br><br>**Hearing:**<br>Date:  November 12, 2025<br>Time:  9:00 a.m.<br>Place:  Courtroom 3<br><br>Hon. Noël Wise |

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................................................... 1

II.   ARGUMENT ........................................................................................................................... 2

    A.    The Carveout Does Not Nullify Block's Exclusive Forum Provision. .......................... 2

    B.    Enforcing The Exclusive Forum Provision Would Not Violate The Antiwaiver Provision. ................................................................................................................ 5

    C.    The Private Interest Factors Are Irrelevant ................................................................. 8

III.  CONCLUSION ....................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

### Cases

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
   571 U.S. 49 (2013) .................................................................................................................. 2, 8

*BuzzFeed, Inc. v. Anderson*,
   2022 WL 15627216 (Del. Ch. Oct. 28, 2022) ............................................................................. 8

*Del Aguila v. Genentech-Roche Transitional Benefit Plan*,
   2015 WL 2089636 (N.D. Cal. May 4, 2015) ....................................................................... 1, 3, 7

*In re Facebook, Inc. S'holder Derivative Privacy Litig.*,
   367 F. Supp. 3d 1108 (N.D. Cal. 2019) ................................................................................... 8, 9

*Gonsalves v. Block, Inc.*,
   Case No. 5:25-cv-00642-NW (N.D. Cal.) .................................................................................. 6

*Greene v. Harley-Davidson, Inc.*,
   965 F.3d 767 (9th Cir. 2020) ..................................................................................................... 6

*Haynsworth v. The Corp.*,
   121 F.3d 956 (5th Cir. 1997) ..................................................................................................... 7

*Khanna v. State Bar of Cal.*,
   2007 WL 2288116 (N.D. Cal. Aug. 7, 2007) ............................................................................. 9

*Lee v. Fisher*,
   2021 WL 1659842 (N.D. Cal. Apr. 27, 2021) ......................................................................... 3, 4

*Lee v. Fisher*,
   70 F.4th 1129 (9th Cir. 2023) ............................................................................................ 1, 5, 6

*Malone v. Brincat*,
   722 A.2d 5 (Del. 1998) .............................................................................................................. 6

*Manti Holdings, LLC v. Authentix Acquisition Co., Inc.*,
   261 A.3d 1199 (Del. 2021) ........................................................................................................ 3

*Osborn ex rel. Osborn v. Kemp*,
   991 A.2d 1153 (Del. 2010) ........................................................................................................ 3

*In re Pattern Energy Grp. Inc. Sec. Litig.*,
   2022 WL 263312 (D. Del. Jan. 27, 2022) .................................................................................. 4

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) ............................................................................................................... 6, 8

*Roby v. Corp. of Lloyd's*,
   996 F.3d 1353 (2d Cir. 1993) ................................................................................................. 4, 6

*Salzberg v. Sciabacucchi*,
    227 A.3d 102 (Del. 2020) .......................................................................................................7

*Shearson/Am. Exp., Inc. v. McMahon*,
    482 U.S. 220 (1987) ........................................................................................................1, 5

*Signature Financial LLC v. Neighbors Glob. Holdings, LLC*,
    281 F. Supp. 3d 438 (S.D.N.Y. 2017) ...................................................................................3

*Skold v. Galderma Labs., L.P.*,
    99 F. Supp. 3d 585 (E.D. Pa. 2015) .......................................................................................3

*Sobel on Behalf of SolarWinds Corp. v. Thompson*,
    2023 WL 4356066 (W.D. Tex. July 5, 2023) .........................................................1, 6, 7, 8

*Stroud v. Grace*,
    606 A.2d 75 (Del. 1992) .......................................................................................................6

*Sun v. Advanced China Healthcare, Inc.*,
    901 F.3d 1081 (9th Cir. 2018) ........................................................................................1, 8

*Tornetta v. Musk*,
    310 A.3d 430 (Del. Ch. 2024) ...............................................................................................6

**Statutes**

15 U.S.C. § 78aa ...........................................................................................................................4

**Other Authorities**

Black's Law Dictionary (12th ed. 2024) ......................................................................................3

## I. INTRODUCTION

Plaintiff's opposition advocates an extreme view: that a shareholder can usurp Block's exclusive forum provision requiring shareholder derivative actions to be filed in the Delaware Court of Chancery simply by tacking baseless Exchange Act claims onto a derivative complaint. Unsurprisingly, courts routinely reject that view. A plaintiff may not "effectively nullify a contractual provision for an agreed upon forum simply by adding a claim not covered thereunder." *Del Aguila v. Genentech-Roche Transitional Benefit Plan*, 2015 WL 2089636, at *2 (N.D. Cal. May 4, 2015). Courts enforce valid forum selection clauses where, as here, the designated forum provides an adequate remedy. *See Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1089 (9th Cir. 2018). Plaintiff's opposition does not explain how the remedies available in the Delaware Court of Chancery (or through an action asserting direct Exchange Act claims in federal court, like the one pending before this Court) are "inadequate." Nor could Plaintiff do so, as "Delaware law recognizes derivative state-law claims with available remedies that are commensurate to those available under Plaintiff's federal derivative [securities] claims." *Sobel on Behalf of SolarWinds Corp. v. Thompson*, 2023 WL 4356066, at *5 (W.D. Tex. July 5, 2023). Block's valid and binding exclusive forum provision should be enforced.

Plaintiff's other arguments miss the mark. The carveout in Block's exclusive forum provision does not, as Plaintiff argues, reflect Block's intention to exempt derivative actions that *include* Exchange Act claims. The carveout simply recognizes that federal courts have exclusive jurisdiction over Exchange Act claims, so of course actions "brought to enforce a duty or liability created by the Exchange Act" cannot be brought in the Delaware Chancery Court. Mot. 4 n.4 (quoting Block's Form 10-Ks). Nor does enforcing Block's exclusive forum provision violate the Exchange Act's antiwaiver provision. Section 29(a) "forbids only the 'waiver of the *substantive obligations* imposed by the Exchange Act,' not the waiver of a particular procedure for enforcing such duties." *Lee v. Fisher*, 70 F.4th 1129, 1141 (9th Cir. 2023) (emphasis added) (citing *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 228 (1987)). Plaintiff can enforce the substantive obligations of the Exchange Act by litigating a *direct* Section 10(b) action in federal court, just as other shareholders are currently doing in this Court, or by bringing analogous state-law claims in Delaware. *Id.* at 1139 n.5.

Plaintiff also is wrong that "private interest" factors justify disregarding Block's exclusive forum provision. When parties agree to a valid forum selection clause, as they have here, a court "must deem the private-interest factors to weigh entirely in favor of the preselected forum"—here, Delaware. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 64 (2013). Plaintiff's private interest arguments are irrelevant as a matter of law.

The Court should enforce Block's exclusive forum provision and dismiss this action on *forum non conveniens* grounds.

## II.    ARGUMENT

### A.    The Carveout Does Not Nullify Block's Exclusive Forum Provision.

As Block has made clear to investors, its exclusive forum provision—which requires *any* derivative action, *any* action asserting claims for breach of fiduciary duty, and *any* action asserting claims involving Block's internal affairs to be filed in the Delaware Court of Chancery—ensures that Delaware will be "***the exclusive forum for substantially all disputes between us and our stockholders***." Mot. 4 n.4 (quoting Block's Form 10-Ks). Plaintiff argues that, even though this indisputably is a derivative action asserting claims for breach of fiduciary duty relating to Block's internal affairs, Plaintiff can avoid Block's exclusive forum provision altogether because he tacked onto his suit (nonsensical) Exchange Act claims, which are carved out because they are subject, by law, to the exclusive jurisdiction of federal courts. *See* Opp. 8-10. Plaintiff's interpretation—which effectively turns the Exchange Act carveout into a poison pill that nullifies the exclusive forum provision—is contrary to the plain language of the clause and would, if adopted, produce absurd results.

Plaintiff contends that the exclusive forum provision "explicitly states that it does not apply to actions *involving* the Exchange Act" or "[a]ctions [t]hat [*i*]*nclude* Exchange Act [c]laims." Opp. 8 (emphasis added). Not true. After listing the wide range of shareholder disputes that must be litigated in the Delaware Court of Chancery, the exclusive forum provision notes that, "[f]or the avoidance of doubt," its otherwise comprehensive coverage does not extend to "an[] action brought to enforce a duty or liability created by the Exchange Act." Dkt. 54-2 at 17. Plaintiff's "action"—that is, his "lawsuit"—is not merely "an[] action" to enforce a duty under the Exchange Act; it is an "action" asserting multiple claims against Block's directors and officers for alleged breaches of their fiduciary duties, to which

Plaintiff appended meritless Exchange Act claims in an obvious attempt to circumvent litigating this lawsuit in Delaware Chancery Court. *See* Black's Law Dictionary (12th ed. 2024) (defining "action" as "[a] civil or criminal judicial proceeding; esp., lawsuit"). That the gravamen of this action is for breach of fiduciary duty is obvious from the Complaint itself—as pled, even Plaintiff's federal securities claims are based on the theory that Defendants' allegedly false and misleading statements were "breaches of fiduciary duty." *See, e.g.*, Compl. ¶¶ 248-65, 323 (characterizing the alleged false and misleading statements and omissions in Block's proxy statements—statements and omissions that underlie Plaintiff's Section 14(a) and Section 29(b) claims—as "breaches of fiduciary duty"); *Skold v. Galderma Labs., L.P.*, 99 F. Supp. 3d 585, 609 (E.D. Pa. 2015) ("When the substance of the plaintiff's claims, stripped of their labels, fall[s] within the scope of the forum selection clause, the opposing party cannot avoid it."). Therefore, "the lawsuit falls within the scope of [Block's] forum-selection clause." *Lee v. Fisher*, 2021 WL 1659842, at *2 (N.D. Cal. Apr. 27, 2021).

Plaintiff's interpretation of the exclusive forum provision also makes little sense. Under Delaware principles of contract interpretation, "courts read contracts as a whole, and interpretations that are commercially unreasonable or that produce absurd results must be rejected." *Manti Holdings, LLC v. Authentix Acquisition Co., Inc.*, 261 A.3d 1199, 1211 (Del. 2021). Plaintiff's interpretation would do exactly that—it would allow shareholders of Delaware corporations who bring derivative actions alleging breach of fiduciary claims under Delaware law to evade exclusive forum provisions (which are explicitly permitted under Section 115 of the Delaware General Corporation Law) simply by throwing in an Exchange Act claim. That interpretation would undercut the fundamental purpose of exclusive forum provisions—to provide "certainty and predictability in the resolution of disputes." *Signature Financial LLC v. Neighbors Glob. Holdings, LLC*, 281 F. Supp. 3d 438, 447 (S.D.N.Y. 2017). It would be manifestly unreasonable to read Block's exclusive forum provision to permit this absurd result. *See Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1160 (Del. 2010) ("An unreasonable interpretation produces an absurd result or one that no reasonable person would have accepted when entering the contract."). That is why courts refuse to allow "a plaintiff [to] effectively nullify a contractual provision for an agreed upon forum simply by adding a claim not covered thereunder." *Del Aguila v. Genentech-Roche Transitional Benefit Plan*, 2015 WL 2089636, at *2 (N.D. Cal. May 4,

2015); *Roby v. Corp. of Lloyd's*, 996 F.3d 1353, 1360 (2d Cir. 1993) ("It defies reason to suggest that a plaintiff may circumvent [a] forum selection [] clause[] merely by stating claims under laws not recognized by the forum selected in the agreement."); *In re Pattern Energy Grp. Inc. Sec. Litig.*, 2022 WL 263312, at *11 (D. Del. Jan. 27, 2022) (explaining "[it] would be unreasonable … to allow a plaintiff to entirely disregard a valid forum selection clause simply by asserting additional claims not subject to the clause").

Plaintiff's poison pill interpretation also contradicts how other courts in this District have interpreted forum selection clauses in this context. In *Lee*, for example, Gap moved to dismiss on *forum non conveniens* grounds a shareholder derivative suit in which the plaintiff brought claims for "breach of fiduciary duty, abuse of control, unjust enrichment, and violation of Section 14(a) of the Securities Exchange Act of 1934." 2021 WL 1659842, at *1. Like Block's bylaws here, Gap's bylaws contained a forum selection clause requiring any derivative action to be brought in the Delaware Court of Chancery. *Id.* at *2 n.1. The Court recognized that Lee could not bring her derivative Section 14(a) Exchange Act claim in the Delaware Court of Chancery. *Id.* at *3. But contrary to Plaintiff's argument here, the Court acknowledged that Lee's "suit" as a whole "[fell] within the scope of the forum selection clause" that required any derivative action and any action asserting a claim of breach of fiduciary duty to be filed in the Delaware Court of Chancery, and dismissed the case on *forum non conveniens* grounds, despite the tacked on Exchange Act derivative claim. *Id.* at *2. The Court here should follow that same commonsense approach.

Plaintiff argues that *Lee* is distinguishable because the exclusive forum provision in that case did not contain an Exchange Act carveout. Opp. 10. But the carveout does not make *Lee* any less applicable. Block's "for the avoidance of doubt" carveout simply recognizes that the Delaware Court of Chancery does not have jurisdiction over Exchange Act claims because those claims are within the "exclusive jurisdiction" of the federal district courts. *See* 15 U.S.C. § 78aa. That is true regardless of any carveout. *Lee*, 2021 WL 1659842, at *3 (recognizing that "that federal courts have exclusive jurisdiction over Exchange Act claims."). In other words, it does not matter that *Lee* did not contain an Exchange Act carveout because the underlying jurisdictional law—that federal courts have exclusive jurisdiction over Exchange Act claims—still applied in that case *even without a carveout*. Indeed, the

court in *Lee* specifically acknowledged (as Block's carveout recognizes here) that "federal courts have exclusive jurisdiction over Exchange Act claims," *id.* at *3, and still dismissed the plaintiff's federal securities claim. The lack of an explicit carveout in Lee restating an undisputed jurisdictional principle does not materially distinguish that case from this one.

**B.     Enforcing The Exclusive Forum Provision Would Not Violate The Antiwaiver Provision**

Plaintiff also argues (Opp. 11) that the Court should not enforce Block's exclusive forum provision because doing so would prevent him from bringing his derivative Section 10(b) claim in any forum, in violation of the Exchange Act's antiwaiver provision, which prohibits "waiver of the substantive obligations imposed by the Exchange Act." *Lee*, 70 F.4th at 1138 (quoting *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 228 (1987)). This argument, too, is foreclosed by *Lee*. There, like here, the plaintiff argued that Gap's forum selection clause was void under the Exchange Act's antiwaiver provision because "enforcing the clause would mandate that the [Delaware] Court of Chancery dismiss her derivative § 14(a) action," which, in turn, would preclude Lee "from bringing a derivative § 14(a) action in any forum." *Lee*, 70 F.4th at 1139. Lee reasoned that because the Delaware forum provision would prevent her from asserting a derivative Section 14(a) claim, "Gap's forum-selection clause functionally waive[d] compliance with § 14(a) and Rule 14a-9" in violation of Section 29(a). *Id.*

The Ninth Circuit rejected that argument because Lee could "enforce Gap's compliance with the substantive obligations of Section 14(a)" by bringing (i) "a direct action in federal court," *id.* at 1139, or (ii) breach of fiduciary claims "under Delaware law," *id.* at 1139 n.5. The Court explained that the violation at issue in a Section 14(a) claim—namely, a disclosure violation that impairs stockholders' right to cast an informed vote—"gives rise to a direct action under Delaware law, not a derivative action." *Id.* at 1147. Regardless of whether Lee brought a direct Section 14(a) action in federal court, the Ninth Circuit concluded, she could assert a *Delaware* claim for breach of the fiduciary duty of disclosure, which "aligns" with the "broad remedial purpose" of the federal statute. *Id.* at 1139 n.5. Because "§ 29(a) forbids *only* the waiver of the substantive obligations imposed by the Exchange Act, *not* the waiver of a particular procedure for enforcing such duties," the Ninth Circuit found that Lee's ability to assert a direct Section 14(a) action or analogous Delaware state law claims meant that

Gap's exclusive forum provision was not void under Section 29(a). *Id.* at 1141 (emphasis added).

The same is true here. As in *Lee*, Plaintiff can enforce Block's "substantive obligations" under the Exchange Act by bringing Section 14(a) and 10(b) claims as *direct* claims in federal court. That is precisely what the plaintiff in the *Gonsalves* putative class action pending before this Court has done: litigating *direct* federal securities law claims relating to similar allegations in this case. *Gonsalves v. Block, Inc.*, Case No. 5:25-cv-00642-NW (N.D. Cal.). Plaintiff also can enforce the duties imposed by Sections 14(a) and 10(b) under Delaware law, which permits shareholders to bring claims for breach of the fiduciary duty of disclosure. *See Stroud v. Grace*, 606 A.2d 75, 84, 86 (Del. 1992) ("[D]irectors of Delaware corporations are under a fiduciary duty to disclose fully and fairly all material information within the board's control when it seeks shareholder action," and this "duty of full disclosure [applies] in assessing the adequacy of proxy materials"); *Malone v. Brincat*, 722 A.2d 5, 14 (Del. 1998) ("When the directors … are deliberately misinforming shareholders about the business of the corporation, either directly or by a public statement, there is a violation of fiduciary duty. That violation may result in a [state-law] derivative claim on behalf of the corporation or a cause of action for damages."). These Delaware claims "align[] with" the "broad remedial purpose" of Sections 14(a) and 10(b), and therefore provide an "adequate means of enforcing" the duties imposed by the Exchange Act.[1] *Lee*, 70 F.4th at 1141 n.5; *Sobel on Behalf of SolarWinds Corp. v. Thompson*, 2023 WL 4356066, at *5 (W.D. Tex. July 5, 2023) ("Delaware law recognizes derivative state-law claims with available remedies that are commensurate to those available under Plaintiff's federal derivative claims [under § 14(a) and § 10(b)]."). Plaintiff suggests that he is entitled to enforce these duties with his preferred cause of action, but that's wrong: "the availability of any particular method of enforcing [Exchange Act]

---

[1] So too with respect to Plaintiff's claim under Section 29(b) for "rescission" of Defendants' contracts as a remedy for their alleged violations of the Exchange Act. Under Delaware law, rescission is an available remedy for fiduciary breaches, including breach of the duty of disclosure. *See Tornetta v. Musk*, 310 A.3d 430, 546-47 (Del. Ch. 2024). Plaintiff also suggests that Section 29(a) entitles him to bring his *preferred* cause of action, but *Lee* makes clear that "the availability of any particular method of enforcing [Exchange Act] obligations is not material." *Lee*, 70 F.4th at 1143 n.10; *see also SolarWinds*, 2023 WL 4356066, at *5 ("In the face of a valid forum-selection clause, differences in the availability of specific causes of action is only relevant where 'the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all.'") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)).

obligations is not material." *Lee*, 70 F. 4th at 1143 n.10.  There is no antiwaiver issue here.

Plaintiff's other arguments for avoiding the exclusive forum provision fall flat.  Just because Plaintiff is "master of his complaint," Opp. 13 (quoting *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020)), does not mean he is permitted to "circumvent" Block's forum selection clause by adding "claims under laws not recognized by the forum selected in the agreement."[2]  *Roby*, 996 F.2d at 1360; *Del Aguila*, 2015 WL 2089636, at *2 (rejecting argument that "a plaintiff could effectively nullify a contractual provision for an agreed upon forum simply by adding a claim not covered thereunder").

Plaintiff's attempt to distinguish *SolarWinds*—where the court dismissed derivative Section 14(a) and 10(b) claims pursuant to a Delaware exclusive forum provision—also is unavailing.  Opp. 14.  It makes no difference that *SolarWinds* followed a Fifth Circuit decision that enforced an English forum provision, rather than a Delaware forum provision.  Opp. 14 (citing *Haynsworth v. The Corp.*, 121 F.3d 956 (5th Cir. 1997)).  What matters here is the principle articulated in the case, which is the same principle followed by courts in the Ninth Circuit: that "enforcement of a valid forum-selection clause does not violate the Exchange Act's anti-waiver provision," *SolarWinds*, 2023 WL 4356066, at *6, "as long as the alternative forum adequately protects the plaintiffs' substantive rights to relief," *id.* at *5.  That principle required enforcement of the Delaware forum provision in *SolarWinds* and should compel enforcement of Block's exclusive forum provision here.  *Id.* at *5; *supra*, pp. 4-6.

Plaintiff also contends that *SolarWinds* is inapplicable because the Court there purportedly failed to recognize the "distinction" between direct and derivative Exchange Act claims.  Opp. 14.  But *SolarWinds* itself explained that this "distinction" does not matter: "In the face of a valid forum-selection clause, differences in the availability of specific causes of action is only relevant where 'the

---

[2] Plaintiff's reliance on *Salzberg v. Sciabacucchi*, 227 A.3d 102 (Del. 2020), is unavailing for similar reasons.  Opp. 13-14.  Plaintiff cites *Salzberg* for the proposition that forum selection clauses "regulate where stockholders may file suit, not whether the stockholder may file suit or the kind of remedy that the stockholder may obtain."  Opp. 13-14.  But "regulat[ing] *where* stockholders file suit" is precisely the point—Plaintiff is contractually bound by Block's bylaws (a form of contract with shareholders) to bring his derivative action in the Delaware Court of Chancery.  Holding Plaintiff to that obligation is consistent with *Salzberg*, which acknowledged that "forum-selection clauses are presumptively valid and enforceable under Delaware law."  227 A.3d at 132.

remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all.'" 2023 WL 4356066, at *5 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)).  Here, as in *SolarWinds*, "there is no indication" that being required to assert direct, rather than derivative, Exchange Act claims would leave Plaintiff with "no remedy at all." *Id.* at *5; *see also Sun v. Advanced China Healthcare*, 901 F.3d 1081, 1092 (9th Cir. 2018) ("[A] clause remains enforceable even when the contractually selected forum may afford the plaintiffs less effective remedies than they could receive in the forum where they filed suit.").

## C. The Private Interest Factors Are Irrelevant

Plaintiff's argument that a litany of "private interest factors"—such as "convenience to the litigants" and "the residence of the parties"—favor litigating his claims in this District can be easily dispatched.  Opp. 15-18.  As the Supreme Court explained in *Atlantic Marine*, "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 64 (2013).  "A court accordingly must deem [all] private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 64.

Here, when Plaintiff purchased Block shares, he agreed to be subject to a forum selection clause requiring his derivative action to be brought in the Delaware Court of Chancery. *BuzzFeed, Inc. v. Anderson*, 2022 WL 15627216, at *16 (Del. Ch. Oct. 28, 2022) ("[B]ylaws are treated as contracts among the stockholders, and [the] forum-selection clauses they contain operate as stockholder consents to jurisdiction in the chosen forum.").  Therefore, all "private-interest factors [] weigh entirely in favor of [that] preselected forum." *Atl. Marine*, 571 U.S. at 64.  Plaintiff's exposition on private interest factors is completely irrelevant and should be disregarded. *Id.* ("Whatever inconvenience the parties would suffer by being forced to litigate in [Delaware] as they agreed to do was clearly foreseeable at the time of contracting.") (cleaned up); *see also In re Facebook, Inc. S'holder Derivative Privacy Litig.*, 367 F. Supp. 3d 1108, 1120 (N.D. Cal. 2019) ("[T]he convenience of witnesses and Plaintiffs' preferred venue are not factors that the Court considers in deciding the enforceability of a valid forum selection clause.").

### III.  CONCLUSION

For the foregoing reasons, and the reasons set forth in Block's opening brief, the Complaint should be dismissed in full on *forum non conveniens* grounds.[3]

DATED: October 14, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Brian M. Lutz*
     Brian M. Lutz

Attorneys for Nominal Defendant Block Inc.

---

[3] Plaintiff's suggestion that Block's request to dismiss this action in its entirety precludes the Court from dismissing the Delaware claims and severing the Exchange Act claims is wrong. Opp. 18-19. While the Court should dismiss the case in full, "the Court has discretion to sever the federal claims and dismiss the remaining claims to be brought in the prescribed forum." *In re Facebook, Inc. S'holder Derivative Privacy Litig.*, 367 F. Supp. 3d 1108, 1120 (N.D. Cal. 2019); *see also Khanna v. State Bar of Cal.*, 2007 WL 2288116, at *2 (N.D. Cal. Aug. 7, 2007) ("Although neither party has moved for severance in the instant case, the Court may sever claims *sua sponte*.").