Daniel B. Rehns (*pro hac vice*)
**HACH ROSE SCHIRRIPA & CHEVERIE LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
(212) 213-8311
drehns@hrsclaw.com

*Co-lead Counsel for Plaintiffs*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE BLOCK INC. SHAREHOLDER DERIVATIVE LITIGATION | Case No. 5:25-cv-01262-NW<br><br>**JOINT CASE MANAGEMENT STATEMENT FOR MARCH 24, 2026 CASE MANAGEMENT CONFERENCE**<br><br>Hon. Noël Wise<br><br>Date:   March 24, 2026<br>Time:   9:00 a.m.<br>Location: San Jose Courthouse (via Videoconference) |

Plaintiffs James Kelly, Viraj Patel, Donald Wallace, Anand Roy, and Xin Li ("Plaintiffs"); Defendants Jack Dorsey, Amrita Ahuja, Roelof Botha, Amy Brooks, Shawn Carter, Paul Deighton, Randy Garutti, James McKelvey, Mary Meeker, Anna Patterson, Sharon Rothstein, Lawrence Summers, David Viniar, and Darren Walker (the "Individual Defendants"); and Nominal Defendant Block, Inc. ("Block," and together with the Individual Defendants, "Defendants," and together with Plaintiffs, the "Parties") by and through their undersigned counsel, hereby respectfully submit the following Joint Case Management Statement ahead of the March 24, 2026 Case Management Conference.

## I.   JURISDICTION AND SERVICE

Plaintiffs allege (i) violations of §§ 10(b), 14(a), and 29(b) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j(b), 78n(a), and 78cc(b)), and Rules 10b-5 and 14a-9 promulgated thereunder (17 C.F.R. §§ 240.10b-5, 240.14a-9); and (ii) breaches of fiduciary duty and insider trading violations under state law.  Plaintiffs allege that this Court has jurisdiction over the Exchange Act claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 78aa and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).  Block has filed a motion to certify for interlocutory appeal under 28 U.S.C. § 1292(b) the Court's order denying its motion to dismiss for forum non conveniens.  ECF No. 98.  Pursuant to an agreement between the Parties, no parties remain to be served.

## II.   FACTS

### a.   Factual Allegations

Plaintiffs allege, and Defendants dispute, that the Individual Defendants intentionally failed to implement adequate internal controls to detect and prevent illegal conduct on Cash App in order to pursue a business plan premised on achieving growth without regard for regulatory compliance by failing to adequately verify its customers' identities, ignoring suspicious activity and under-reporting such activity to regulators in violation of positive law, underfunding Cash App's compliance efforts, and causing Cash App to become the payment application of choice for fraudsters, money launderers, and other criminals.  Defendants dispute each of these

allegations and contend that the Individual Defendants exercised adequate oversight over an evolving compliance program that was responsive to the changing demands of the high-growth Cash App business.

Plaintiffs further allege, and Defendants dispute, that Individual Defendants fraudulently misled shareholders regarding Block's investment in regulatory compliance and its success in attracting users, while causing Block to repurchase shares of the Company's stock at artificially inflated prices.

Plaintiffs further allege, and Defendants dispute, that Individual Defendants Dorsey and McKelvey breached their fiduciary duties by selling Block shares while allegedly knowing that Block's compliance program was deficient.

### b. Procedural History

On January 17, 2025, a Block investor filed a putative class action in this Court against Defendants Jack Dorsey and Amrita Ahuja and Nominal Defendant Block alleging violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5.[1] Over the course of the next three months, four separate derivative actions were subsequently filed in this Court.[2] On April 16, 2025, the Court entered an Order relating the *Patel Action*, the *Wallace Action*, and the *Roy Action* and further relating the derivative actions to the Securities Class Action. ECF No. 18.

On April 24, 2025, Plaintiff Kelly filed his complaint.[3] On May 7, 2025, all the derivative actions were consolidated and related to the Securities Class Action (the "Consolidated Derivative Action"). ECF No. 22. On June 11, 2025, Plaintiff Kelly's complaint was designated the operative

---

[1] *See Gonsalves v. Block et al.*, No. 5:25-cv-00642 (N.D. Cal. Jan. 17, 2025) (the "Securities Class Action").

[2] *Patel v. Dorsey et al.*, Case No. 5:25-cv-01262 (N.D. Cal. Feb. 5, 2025) (the "*Patel* Action"); *Wallace v. Ahuja et al.*, Case No. 5:25-cv-02202 (N.D. Cal. Mar. 4, 2025) (the "*Wallace* Action"); *Roy v. Dorsey et al.*, Case No. 5:25-cv-02810 (N.D. Cal. Mar. 25, 2025) (the "*Roy* Action"); and *Li v. Dorsey et al.*, Case No. 4:25-cv-03425 (N.D. Cal. Apr. 17, 2025) (the "*Li* Action)."); and *Kelly v. Dorsey et al.*, Case No. 3:25-cv-03615 (N.D. Cal. April 24, 2025).

[3] *See Kelly v. Dorsey et al*, No. 4:25-cv-3165 (N.D. Cal. Apr. 24, 2025) (ECF No. 1).

complaint in the Consolidated Derivative Action, Plaintiff Kelly's counsel was appointed Co-Lead Counsel, and the Court set a schedule for Defendants' motion(s) to dismiss. ECF No. 50.

On January 6, 2026, the Court denied Defendants' motions to dismiss. ECF No. 90. Block filed its Answer on February 27, 2026. ECF No. 109. The Individual Defendants will file their Answer on March 6, 2026. ECF No. 128.

## III.    LEGAL ISSUES

The Parties disagree whether Plaintiffs have sufficiently stated claims for violations of the Exchange Act and state law. The key legal issues include:

Whether Defendants Dorsey, Botha, Brooks, Carter, Deighton, Garutti, McKelvey, Meeker, Rothstein, Summers, Viniar, and Walker violated Section 14(a) of the Exchange Act by soliciting shareholder approval through the use of allegedly false and/or misleading proxy statements;

Whether the Individual Defendants violated Section 10(b) of the Exchange Act by acting with scienter to allegedly misrepresent material facts or omit to state any material facts necessary to make the statements challenged in the Complaint not misleading;

Whether the Individual Defendants violated Section 29(b) of the Exchange Act;

Whether the Individual Defendants breached their fiduciary duties by allegedly failing to maintain an adequate system of oversight and failing to ensure that the Company maintained effective compliance and risk management systems that adhered to governing laws and regulations;

Whether Individual Defendants Dorsey and McKelvey possessed material non-public information and breached their fiduciary duties by selling Block stock while in possession of such information;

Whether the Individual Defendants' alleged conduct is exculpated under Delaware General Corporation Law § 102(b)(7);

Whether the Individual Defendants are protected from liability under Delaware General Corporation Law.

3

Defendants further contend that the following are key legal issues:

Whether Plaintiffs can maintain their claim under Section 14(a) of the Exchange Act derivatively on behalf of Block against Defendants Dorsey, Deighton, Botha, Brooks, Carter, McKelvey, Garutti, Meeker, Rothstein, Summers, Viniar, and Walker;

Whether Plaintiffs can maintain their claim under Section 10(b) of the Exchange Act derivatively on behalf of Block against the Individual Defendants;

Whether the Individual Defendants' alleged conduct was the proper exercise of business judgment.

## IV.   MOTIONS

Resolved Motions

On July 28, 2025, Defendants filed a motion to dismiss the Complaint for failure to plead demand futility and failure to state a claim. ECF No. 55.  Also on July 28, 2025, Nominal Defendant Block filed a separate motion to dismiss on *forum non conveniens* grounds. ECF No. 54. On September 11, 2025, Plaintiffs filed oppositions to Defendants' motions to dismiss. ECF Nos. 65-66. On October 15, 2025, Defendants filed replies in support of their motions to dismiss. ECF Nos. 76-77. On January 6, 2026, the Court denied Defendants' Motions to Dismiss in their entirety. ECF No. 90.

Pending Motions

On January 28, 2026, Defendants moved the Court for leave to file a Motion for Reconsideration of the Court's Order denying their motion to dismiss for failure to plead demand futility and failure to state a claim.  ECF No. 95.

On February 13, 2026, the Parties filed their joint motion to seal portions of the motion to dismiss briefing. ECF No. 97.

On February 13, 2026, Block filed a Motion to Certify the Court's Order Denying Block's *forum non conveniens* Motion for Interlocutory Appeal Under 28 U.S.C. § 1292(b). ECF No. 98. On February 27, 2026, Plaintiffs filed their opposition. ECF No. 110. Block's reply is due on March 6, 2026. A hearing on the motion is set for May 20, 2026. ECF No. 105.

JOINT CASE MANAGEMENT STATEMENT
Case No. 5:25-cv-01262-NW

Anticipated Motions

The Parties believe that it is likely one or both sides will file dispositive or Daubert motions.

The Parties otherwise believe it is too early to determine whether they will file any additional motions.

## V.    AMENDMENT OF PLEADINGS

Plaintiff Kelly filed the Operative Complaint on April 24, 2025. Plaintiffs do not anticipate further amending at this time. The Parties reserve all rights under the Federal Rules of Civil Procedure to amend and/or oppose any amendment of the pleadings.

## VI.    EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI"), are aware of their evidence preservation obligations, and have represented that all parties have taken reasonable and proportionate steps to preserve evidence potentially relevant to the issues reasonably evident in this action.

## VII.    INITIAL DISCLOSURES

The Parties will exchange initial disclosures on March 17, 2026.

## VIII.    DISCOVERY

Discovery in this Action was automatically stayed under the PSLRA until the Court resolved Defendants' motions to dismiss. *See* 15 U.S. Code § 78u–4(a)(3)(B)(iv). Accordingly, no discovery has taken place in this action to date.

The Parties anticipate filing with the Court an agreed-upon protective order governing the production of discovery material and an agreed-upon protocol governing the production of ESI.

The Parties agree to meet and confer regarding what, if any, deviations from the default limits governing discovery are necessary. At this early stage, Plaintiffs anticipate, given that there are 15 defendants in this Action and the complexity of the matter, they will need more than the 10 depositions provided for by Federal Rule of Civil Procedure 30(a)(2)(A)(i), but cannot yet know how many depositions or interrogatories will be necessary until after the Parties exchange

initial disclosures, discuss custodians for document collection, and Defendants begin producing documents.

At this time, Defendants do not believe it will be necessary for either party to exceed the number of written interrogatories provided under Rule 33 or the number of depositions in Rule 30.

## IX.    CLASS ACTIONS

The Consolidated Derivative Action is not a class action.

## X.    RELATED CASES

The Consolidated Derivative Action is related to the Securities Class Action.

On October 14, 2026, Plaintiffs notified the Court that a shareholder derivative complaint arising from similar facts and against the same Defendants as the Consolidated Derivative Action was filed in this Court on October 9, 2025.[4] ECF No. 72. On November 4, 2025, Judge Beeler referred the *O'Neill* Action to this Court to consider whether the case is related to the Securities Class Action and the Consolidated Derivative Action. ECF No. 82. On February 5, 2026, Judge Beeler approved a stipulation to stay the *O'Neill* Action until August 4, 2026 "to allow additional time for the Parties to determine the appropriate next steps in this litigation."[5]

## XI.    RELIEF

Plaintiffs seek compensatory damages; rescission of purported contracts between Individual Defendants and Block; disgorgement of profits; reforms to the Company's corporate governance; reasonable costs and expenses incurred in the action; and such other equitable, injunctive, or other relief as this Court may deem appropriate.

Defendants deny that Plaintiffs are entitled to any relief.

## XII.    SETTLEMENT AND ADR

On February 5, 2026, the Court ordered the parties in the Securities Class Action to

---

[4] *See O'Neill v. Dorsey et al.*, No. 3:25-cv-08682 (N.D. Cal. Oct. 9, 2025) (the "O'Neill Action").
[5] *O'Neill v. Dorsey et al.*, No. 3:25-cv-08682, ECF No. 23.

6

complete mediation by November 30, 2026.[6] While Plaintiffs generally believe that coordination between the Securities Class Action and the Consolidated Derivative Action may be efficient, Plaintiffs believe that it is premature to require the parties to jointly mediate at this time. Block and the Individual Defendants believe it is premature to determine whether the Parties should engage in a coordinated mediation.

**XIII.  OTHER REFERENCES**

At this time, the Parties do not believe that this case is suitable for reference to arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. The Parties do not consent to have a Magistrate Judge conduct all further proceedings in this action.

**XIV.  NARROWING OF ISSUES**

The Parties are not presently aware of any issues that can be narrowed by agreement. Subsequent motions may narrow or eliminate issues for trial.

**XV.  SCHEDULING**

The Parties disagree on the schedule.  Their respective proposals are below. Plaintiffs propose a schedule that aligns with the case schedule ordered in the Securities Class Action.[7] Defendants contend that Plaintiffs' proposed schedule is even more condensed than the already expedited schedule in the Securities Class Action and fails to properly consider the complexity and nature of discovery and motion practice in this case.

| Scheduled Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Close of Fact Discovery | November 06, 2026 | December 18, 2026 |
| Deadline to Complete Mediation | November 30, 2026 | November 30, 2026 |
| Opening Expert Reports | December 04, 2026 | January 15, 2027 |
| Rebuttal Expert Reports | January 11, 2027 | February 12, 2027 |
| Close of Expert Discovery | January 22, 2027 | March 4, 2027 |

---

[6] *See Gonsalves v. Block et al.*, No. 5:25-cv-00642, ECF No. 131.

[7] *Id.*

| Deadline to File Dispositive Motions and *Daubert* Motions | **Motions**: February 12, 2027 **Responses**: February 26, 2027 **Replies**: March 05, 2027 | **Motions**: March 26, 2027 **Responses**: April 23, 2027 **Reply**: April 30, 2027 |
|---|---|---|
| Hearing on Dispositive and *Daubert* Motions | To be determined (75 days before trial commences) | To be determined (75 days before trial commences) |
| Deadline to File Joint Pretrial Statement | To be determined (at least 26 days before trial commences) | To be determined (at least 26 days before trial commences) |
| Final Pretrial Conference | To be determined (at least 19 days before trial commences) | To be determined (at least 19 days before trial commences) |
| Trial | June 21, 2027, at 9:00 a.m. | July 26, 2027 at 9:00 a.m. |
| Length of trial | 5 days | To be determined |

## XVI.   TRIAL

Plaintiffs have demanded a jury trial and proposed a trial date per the Court's Civil Standing Order.

## XVII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The Parties have filed their Certifications of Interested Entities or Persons as required by Civil L.R. 3-15.  ECF Nos. 2, 42.[8]

Pursuant to Civil L.R. 3-15, Defendants' counsel reaffirms that as of this date, there is no conflict or interest (other than the named parties) to report.

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

---

[8] *See also Kelly v. Dorsey et al*, No. 4:25-cv-3165, ECF No. 4.

Dated: March 6, 2026

Respectfully submitted,

**HACH ROSE SCHIRRIPA & CHEVERIE LLP**

By      */s/ Daniel B. Rehns*

Daniel B. Rehns (*pro hac vice*)
Scott R. Jacobsen (*pro hac vice*)
John W. Baylet (*pro hac vice*)
112 Madison Avenue, 10th Floor
New York, New York 10016
(212) 213-8311
drehns@hrsclaw.com
sjacobsen@hrsclaw.com
jbaylet@hrsclaw.com

**BLOCK & LEVITON LLP**
Jason M. Leviton (pro hac vice)
Nathan Abelman (pro hac vice)
Michael D. Gaines (pro hac vice)
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600
jason@blockleviton.com
nathan@blockleviton.com
michael@blockleviton.com

Jacob A. Walker (SBN 271217)
400 Concar Drive
San Mateo CA 94402
(650) 781-0025
jake@blockleviton.com

Lindsay K. Faccenda (pro hac vice)
222 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 499-3600
lindsay@blockleviton.com

*Co-lead Counsel for Plaintiffs*

**SIMPSON THACHER & BARTLETT LLP**

By      */s/ Jonathan K. Youngwood*

Jonathan K. Youngwood, SBN 350373
jyoungwood@stblaw.com
One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA 94105
Telephone: 415-426-7300
Facsimile: 415-426-7301

9

*Attorneys for Defendants Dorsey, Ahuja, Botha, Brooks, Carter, Deighton, Garutti, McKelvey, Meeker, Patterson, Rothstein, Summers, Viniar, and Walker*

**GIBSON, DUNN & CRUTCHER LLP**

By    */s/ Brian M. Lutz*

Brian M. Lutz, SBN 255976
blutz@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: 415.393.8200

Jessica Valenzuela, SBN 220934
jvalenzuela@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301
Telephone: 650.849.5300

Colin B. Davis, SBN 273942
cdavis@gibsondunn.com
3161 Michelson Drive, Suite 1200
Irvine, CA 92612
Telephone: 949.451.3800

*Attorneys for Nominal Defendant, Block, Inc.*

JOINT CASE MANAGEMENT STATEMENT
Case No. 5:25-cv-01262-NW

**ATTESTATION (CIVIL LOCAL RULE 5-1(i)(3))**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated:  March 6, 2026                    Respectfully submitted,

                                         **HACH ROSE SCHIRRIPA & CHEVERIE LLP**

                                         By  */s/ Daniel B. Rehns*

                                         Daniel B. Rehns (pro hac vice)
                                         112 Madison Avenue, 10th Floor
                                         New York, New York 10016
                                         (212) 213-8311
                                         drehns@hrsclaw.com

JOINT CASE MANAGEMENT STATEMENT
Case No. 5:25-cv-01262-NW