UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE BLOCK INC. SHAREHOLDER DERIVATIVE LITIGATION | Case No. 25-cv-01262-NW (VKD)<br><br>**ORDER RE JUNE 30, 2026 DISCOVERY DISPUTE LETTERS**<br><br>Re: Dkt. Nos. 132, 133, 134 |

On June 30, 2026, the parties filed three joint discovery dispute letters in which they ask the Court to resolve disputes regarding: (1) the relevant time period for defendants' collection and production of responsive documents, Dkt. No. 132; (2) the number of witnesses plaintiff should be permitted to depose, Dkt. No. 134; and (3) whether the Court should impose interim discovery deadlines for the substantial completion of document production and the exchange of privilege logs, Dkt. No. 133. The Court held a hearing on these disputes on July 14, 2026. Dkt. No. 140.

For the reasons discussed at the hearing, the Court orders as follows:

**1.     Dkt. No. 132 – Relevant time period for document production**

The parties disagree regarding whether the relevant time period for defendants' collection and production of documents should begin on January 1, 2020 (defendants' proposal) or on January 1, 2018 (plaintiff's proposal). Plaintiff has articulated a justification for obtaining some documents in support of some of his claims relating to events and circumstances before January 1, 2020. However, plaintiff does not appear to require documents dating back to January 1, 2018 for all categories of documents encompassed by his document requests, or for all custodians whose documents may be within the scope of those requests.

Accordingly, the Court orders further proceedings regarding this dispute: Plaintiff must first identify the document requests that he believes call for collection and production of documents dating back to January 1, 2018, and must, to the extent possible, identify the categories of documents from that earlier period that he believes are responsive and the custodians or other data sources likely to have those documents. The parties must discuss plaintiff's identification of document requests, document categories, and custodians, as well as any proposal defendants have, and attempt to reach agreement on a reasonable scope of collection and production for responsive documents dating back to January 1, 2018.[1]

By **July 28, 2026** the parties shall file a joint status report regarding what issues (if any) remain regarding whether and to what extent defendants should be required to collect and produce responsive documents dating back to January 1, 2018. The status report is limited to a total of 1,000 words (i.e., 500 words per side). The parties shall identify any remaining issues in dispute, without argument, and state their respective proposals for resolution.

### 2.    Dkt. No. 134 – Number of depositions

Plaintiff has shown good cause to take the depositions of each individual defendant. As there are 14 individual defendants, the Court grants plaintiff leave to take four depositions of individual defendants beyond the 10 depositions authorized by Rule 30(a).

If plaintiff wishes to depose any other witnesses beyond the 14 individual defendants, he must make a particularized showing of need for additional depositions and obtain a Court order permitting such depositions, absent defendants' agreement to such additional depositions. *See* Fed. R. Civ. P. 30(a)(2)(A). The Court expects that defendants will not unreasonably withhold their agreement if plaintiff makes a particularized showing. Alternatively, the parties may stipulate in advance to an additional number of depositions plaintiff may take, leaving the selection of the particular deponents to plaintiff.

---

[1] Nothing in this order should be understood as suggesting the Court has decided the dispute presented on July 13, 2026 at Dkt. No. 137. However, as discussed at the hearing, the parties may wish to consider whether plaintiff's request for documents dating back to January 1, 2018 may be resolved in whole or in part by defendants' production of non-privileged documents Block previously produced in connection with the investigations Block has identified in its interrogatory response.

United States District Court
Northern District of California

### 3.    Dkt. No. 133 – Interim scheduling order

Plaintiff asks the Court to set interim deadlines for the substantial completion of document production and the exchange of privilege logs, similar to the interim scheduling order set in the related class action, *Gonzalves v. Block, Inc.*, No. 25-cv-00642 NW (VKD).  *See* Dkt. No. 133 at 1.  Defendants oppose the setting of interim deadlines as unnecessary.[2]  *Id.* at 6.

The deadline for completion of fact discovery is September 25, 2026—about 10 weeks from now.  Dkt. No. 115 at 1.  While the Court agrees that an interim scheduling order can facilitate the orderly completion of discovery, such an order makes little sense given the current deadline for the completion of *all* fact discovery.

As discussed at the hearing, the Court suggested that the presiding judge might be willing to approve a stipulated extension of the discovery deadlines in this action, so long as such extension does not impact the dates the presiding judge has set for motions, the pretrial conference, and trial.  As the parties agree that such an extension would facilitate the completion of discovery in this action, and would allow for coordination with the related class action, the Court orders the parties to confer and attempt to reach an agreement on a stipulated request to extend the discovery deadlines, to be addressed to the presiding judge.  Assuming they reach such agreement, the parties shall also confer regarding deadlines for the substantial completion of document production, exchange of privilege logs, and any other deadlines that will facilitate the timely completion of fact discovery.

By **July 28, 2026** the parties shall file a joint status report briefly describing their efforts to reach agreement on a stipulated request for extension of the discovery deadlines and advising the Court of their proposed deadlines for an interim discovery schedule.

**IT IS SO ORDERED.**

Dated: July 14, 2026

Virginia K. DeMarchi
United States Magistrate Judge

---

[2] As defendants' motion to stay has been denied, Dkt. No. 139, defendants no longer argue that an interim schedule would be improper.

United States District Court
Northern District of California