United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE BLOCK INC. SHAREHOLDER DERIVATIVE LITIGATION

Case No. 25-cv-01262-NW

**ORDER DENYING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW**

Re: ECF No. 98

Plaintiffs bring a shareholder derivative action on behalf of, and for the benefit of, Block, Inc. for violations of securities laws, breach of fiduciary duty, and insider trading. Plaintiffs sued current and former directors and officers of Block ("Individual Defendants"), as well as Nominal Defendant Block, Inc. ("Block") (collectively, "Defendants"). On January 6, 2026, the Court denied the Individual Defendants' motion to dismiss for failure to plead demand futility and failure to state a claim, ECF No. 55, and Block's motion to dismiss for *forum non conveniens*, ECF No. 54. *See* Order, ECF No. 90.

Block now seeks to certify the portions of the Order denying its motion to dismiss for *forum non conveniens* for interlocutory appeal under 28 U.S.C. § 1292(b). ECF No. 98. Block argues that "there is substantial ground for disagreement over the correctness of the Court's order." ECF No. 98 at 8. Specifically, Block objects to Court's reasoning that the plain language of an exception in Block's forum selection clause – which states that "nothing contained in this Section 7.7 shall apply to any action brought to enforce a duty or liability created by the Exchange Act" – applies to this action because Plaintiffs' claims under the Exchange Act predominate. Block argues that the "Court's decision relies on a narrow exception within Block's forum-selection clause that carves out Exchange Act claims from the mandate that all covered

shareholder claims must be brought in the Delaware Court of Chancery." *Id*.

Pursuant to 28 U.S.C. § 1292(b), a court may certify an appeal of an interlocutory order when it: (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) if "an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). An interlocutory appeal is a "departure from the basic policy of postponing appellate review until after the entry of a final judgment," and as such requires "exceptional circumstances" to justify it. *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quotation omitted). Interlocutory review is reserved for questions "of law—not fact." *Id*. "The application of a legal standard to the facts of the case is not by itself appropriate for certification." *Wang v. Zymergen Inc.*, 759 F.Supp.3d 1002, 1011 (N.D. Cal. 2024) (cleaned up).

Block's motion does not raise controlling questions of law "as to which there is substantial ground for difference of opinion" nor would an immediate appeal "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court's determination that Plaintiff's Exchange Act claims predominate such that Plaintiffs' action falls within the forum selection clause exception is a factual one. Block's briefing indicates that it seeks appellate review of the Order's application of the law to the facts of this case. Moreover, immediate appeal will not necessarily advance this case or promote efficiency given that, if Block is successful on appeal Plaintiffs would have to refile this action in Delaware – despite Plaintiffs having survived motions to dismiss and the parties having begun discovery on a case schedule that accommodates a parallel direct securities fraud putative class action. *See Gonsalves v. Block, Inc.*, No. 5:25-cv-00642-NW (N.D. Cal.). The interpretation of Block's forum selection clause and whether Exchange Act claims predominate in this action do not constitute "exceptional circumstances" that warrant interlocutory review. *ICTSI Oregon, Inc.*, 22 F.4th at 1130.

/ / /

/ / /

/ / /

United States District Court
Northern District of California

The Court DENIES Block's motion to certify.

**IT IS SO ORDERED.**

Dated: July 17, 2026

Noël Wise
United States District Judge