UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE BLOCK INC. SHAREHOLDER DERIVATIVE LITIGATION

Case No. 25-cv-01262-NW (VKD)

**INTERIM ORDER RE JULY 13, 2026 DISCOVERY DISPUTE RE GOVERNMENT INVESTIGATIONS**

Re: Dkt. No. 137

The parties ask the Court to resolve their dispute regarding plaintiff's demand for documents responsive to plaintiff's RFPs 2-4 that were received and produced by defendants in connection with seven government investigations relating to defendant Block, Inc. Dkt. No. 137. The Court held a hearing on this dispute on August 4, 2026. Dkt. No. 156.[1]

As discussed at the hearing, the Court requires additional information before it can resolve this dispute. Accordingly, the Court orders the parties to jointly file a report by **August 11, 2026** that includes the following information:

1. For each of the seven government investigations,[2] defendants must identify the volume of documents at issue (e.g., approximate number of pages).
2. For each of the seven government investigations, defendants must identify which aspects of the investigation overlap with or are relevant to the claims and defenses at

[1] The Court will separately address the pending motion to seal portions of the parties' July 13, 2026 discovery letter brief. Dkt. No. 138. The Court finds no basis to seal anything discussed in this interim order, as the parties confirmed that at the August 4, 2026 hearing (held in open court) that sealing is not required for matters discussed during the hearing.

[2] *See* Dkt. No. 137 at n.1.

United States District Court
Northern District of California

issue in this action, and which aspects are outside the scope of or irrelevant to this action.

3. If plaintiff disagrees with defendants' identification for item 2, plaintiff may provide his own identification.
4. For the DOJ/SEC materials defendants referenced at the hearing, defendants must apply the agreed search terms to the collection of approximately 2.6 million pages and report on the number of unique documents hit by those search terms.
5. Using the DOJ/SEC materials as an example, the parties must confer regarding the results of defendants' application of search terms for item 4, with the goal of limiting the scope of defendants' potential review to documents that overlap with or are relevant to the claims or defenses at issue in the action and that are not duplicative of documents produced from other sources.
6. The parties shall advise the Court of their agreed or respective proposals for resolving this dispute. Such proposals shall not exceed 500 words per side.

**IT IS SO ORDERED.**

Dated: August 4, 2026

Virginia K. DeMarchi
Virginia K. DeMarchi
United States Magistrate Judge