United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIRAJ PATEL,
Plaintiff,
v.
JACK DORSEY, et al.,
Defendants.

Case No. 25-cv-01262-NW

**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

Re: ECF No. 193

Before the Court is Defendants' motion for relief from the August 24, 2026 pretrial order of Magistrate Judge DeMarchi ("Order"). ECF No. 174; ECF No. 193. At issue are Plaintiffs' requests for all documents that Defendants previously produced to, or received from, the Department of Justice ("DOJ") concerning the DOJ's investigation of "the allegations raised in the March 2023 Hindenburg report, on which many allegations in plaintiffs' complaint also rely." ECF No. 174 at 3.

Agreeing with Plaintiffs that the DOJ production is "likely to contain relevant information" due to the significant overlap in the DOJ investigation and the claims and defenses in this action, Judge DeMarchi ordered Defendants to reproduce to Plaintiffs "all nonprivileged documents in the DOJ collection" that were provided by Defendants to the DOJ (excluding materials *received from* the DOJ), "except for the transaction-level customer data." *Id.* at 3, 5.[1] Judge DeMarchi also determined that the burden on Defendants of reproducing the entire DOJ production to Plaintiffs was not disproportionate to the needs of the case "given the relevance of the documents within that collection." *Id.* at 5.

[1] Defendants do not object to the portion of the Order excluding "transaction-level customer data" from the production to Plaintiffs. ECF No. 193 at 3.

A district court may reconsider a pretrial matter referred to a magistrate judge only when "the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quoting *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992)) (noting a district court should only overturn a magistrate judge's ruling "if it is left with a 'definite and firm conviction that a mistake has been committed.'").

After carefully reviewing the Order, the Court finds that it is neither clearly erroneous nor contrary to law, as the ordered production falls within the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1). First, the Order finds that the documents from the DOJ production that have not yet been produced in this action are "likely relevant," given the "significant overlap" in the subject matter of DOJ's investigation and the issues in this case. ECF No. 174 at 3 (collecting supporting cases); Fed. R. Civ. P. 26(b)(1). Second, the Order expressly weighs the burden on Defendants of reproducing the DOJ documents to Plaintiffs against the need for the documents in this case and concludes that Defendants' burden is proportional to that need. *Id.* at 5; Fed. R. Civ. P. 26(b)(1).

The Court DENIES Defendants' motion for relief from the August 24, 2026 pretrial order of Magistrate Judge DeMarchi.

**IT IS SO ORDERED.**

Dated: September 10, 2026

Noël Wise
United States District Judge